UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DENNIS and GERDE AMOROSO,  No. 04-11303

Debtor(s).
_____/

Memorandum on Objection to Compensation
_____

  In late July, 2004, the debtors in possession applied to this court for an order authorizing them to employ The Miller Lw Firm, PC, to represent them "in matters pertaining to the Debtors' potential personal liability in the case pending in The United States District Court for the Northern District of California . . . ." On August 5, 2004, the court denied the application, entering the following order:

> This application is denied, without prejudice, as there is no explanation as to why the litigation described in the application is not stayed or why it is in the best interests of the estate to incur legal expenses related to it.

  In December, 2004, the debtors filed an amended application to employ The Miller Firm. In this amended application they pointed out, "This Court has now granted relief to Travelers to proceed in the District Court . . ." Based on the changed circumstances, the court entered an order approving The Miller Firm's employment on December 15, 2004.

  The Miller Firm has now applied for $561,527.50 in fees and $15,981.84 in expenses dating all the way back to the commencement of the case in May, 2004. The court temporarily allowed payment of $145,459.75 on top of The Miller Firm's retainer of $200,000.00, so the firm has received payment on

1

account of $345,459.75, pending a final hearing on its fees.  The court ruled that it could not award further fees until and unless the debtors obtained a *nunc pro tunc* order approving retroactive employment of The Miller Firm.  That application is now before the court.  Creditor Traveler's Insurance Company objects.

The court begins by noting that the term "nunc pro tunc" is usually not properly applicable to an application for a retroactive order of employment, but may be more or less applicable in this case.  In most "nunc pro tunc" cases, an application to employ was overlooked so there is no "tunc" order for a "nunc" order to relate back to.  In this case, there was a prior order entered on August 5, 2004, so the court could modify that order retroactively if there was cause.  See Collier, **Compensation, Employment and Appointment of Trustees and Professionals in Bankruptcy Cases**, ¶ 1.06, p.1-43n1.

Unfortunately, the court sees no cause whatsoever to modify its first order.  That order was not made by mistake, and was in no way improvident.  The debtors wanted the court to authorize the use of estate funds to pay a lawyer in a case that was stayed, which made no sense to the court.  When the court un-stayed the case, a lawyer was necessary and employment was approved.  Failing a showing that the original order was in any way improvident, there is no justification for its modification *nunc pro tunc*.

Likewise, there is no basis for the granting retroactive employment authorization as there are no exceptional circumstances and no satisfactory explanation for the failure to receive prior approval.  A showing of both is necessary before retroactive employment authorization is appropriate.  *In re THC Fin. Corp.*, 837 F.2d 389, 392. (9th Cir. 1988).

For the foregoing reasons, the motion for retroactive employment authorization or modification of the court's order of August 5, 2004, *nunc pro tunc*, will be denied.  Counsel for Traveler's shall submit an appropriate form of order.

If The Miller Firm and Traveler's agree that the fees The Miller Firm has received to date are sufficient and proper to compensate it for services incurred after December 15, 2004, they shall submit a stipulation for a final fee award so stating.  If The Miller Firm believes that the fees it has received to

date are insufficient to compensate it for work done after December 15, 2004, or Traveler's believes the Miller Firm has been overpaid for work done after December 15, 2004, then The Miller Firm shall file an amended fee application showing only services performed after that date and Travelers shall within 20 days thereafter file any objection thereto.

Dated: June 14, 2006

                                        Alan Jaroslovsky
                                        U.S. Bankruptcy Judge

3