UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DENNIS and GERDE AMOROSO,                                                                No. 04-11303

                Debtor(s).
_____/

Memorandum and Order Denying Motion to Recuse
_____

     In late July, 2004, the debtors in possession applied to this court, through their general counsel David Chandler, for an order authorizing them to employ The Miller Law Firm, PC, to represent them "in matters pertaining to the Debtors' potential personal liability in the case pending in The United States District Court for the Northern District of California . . . ." On August 5, 2004, the court denied the application, entering the following order:

> This application is denied, without prejudice, as there is no explanation as to why the litigation described in the application is not stayed or why it is in the best interests of the estate to incur legal expenses related to it.

     The Miller Firm later sought fees for the period after its employment was disallowed. When objections were raised, The Miller Firm argued that there were extraordinary circumstances permitting retroactive employment because Chandler never told The Miller Firm that its employment had not been approved.

     At a few hearings, the court stated on the record that it had a hard time believing that an attorney with Chandler's experience would fail to convey this important information to the law firm. Without supporting

1

authorities, The Miller Firm filed a motion to recuse the undersigned based on these comments.[1]

Statements made on the record by a bankruptcy judge are not a basis for recusal unless they display a deep-seated bias. A statement which only reflects an initial reaction is not grounds for recusal where there is no indication that the judge's disposition was fixed from the outset. *In re Smith*, 317 F.3d 918, 933 (9th Cir. 2002). The record in this case shows only that the court was skeptical of The Miller Firm's representations and wanted to hold an evidentiary hearing to see if they could be substantiated. Moreover, the court's skepticism was clearly based on its experience with Chandler in court proceedings;[2] there is no suggestion of an extrajudicial source. Judges are almost never required to recuse themselves due to anything which occurred in court in current or prior cases. *Liteky v. United States*, 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Lawyers know only too well that "no good deed goes unpunished." It appears that the same is true as to judges. Having bent over backwards to be fair to The Miller Firm because the court recognized that the firm was not completely familiar with bankruptcy law and procedure, the court deserved better than to have its impartiality questioned.

For the foregoing reasons, IT IS ORDERED that the motion to recuse is denied.

Dated: August 15, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The Miller Firm has withdrawn its motion. However, the court elects to address it anyway.

[2] While Chandler may have many faults (the court resists the temptation to list them), sloppiness is not among them.

2