UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DENNIS and GERDE AMOROSO,  No. 04-11303

Debtor(s).
_____/

Memorandum on Countermotion for Sanctions
_____

     July 10 and 11 of this year were busy days for attorney Richard Miller of the Miller Law Firm, Kansas City, Missouri. On the 10th, he filed a 40-page motion for sanctions on his firm's behalf seeking some $10 million from three opposing counsel in this case. On the 11th, he filed motions to compel the production of documents against all three counsel and a motion seeking the court's recusal. That was a lot of activity from someone not admitted to practice in this court.[1]

     The motion was not very flattering to the court. Miller basically alleged that the three attorneys entered into a conspiracy to deny his firm a fair and impartial hearing by saying bad things about him to the court. This presupposes that the court can be swayed by representations of counsel and does not know the difference between allegations and evidence.

     On July 12, one of the attorneys, John H. MacConaghy, faxed a letter to Miller demanding that

---

[1] Miller was allowed to represent the debtors in this case *pro hoc vice*. While he identified himself as "attorney for debtors," his motion was not filed on their behalf and therefore was not within the scope of his authorization to practice here.

1

1   Miller withdraw his motion for sanctions by 5:00 P.M. on July 13.  At 5:22 P.M., MacConaghy filed the
2   instant countermotion seeking to strike Miller's motion and recover sanctions pursuant to FRBP 9011.  On
3   July 27, 2007, this time properly through a proper member of the bar and properly reciting that it was filed on
4   behalf of the Miller Firm and not the debtors, all of Miller's motions were withdrawn.

5         The court does not believe that MacConaghy's motion is properly before the court.  FRBP
6   9011(c)(1) provides that a motion for sanctions must be made separately from any other requests; the motion
7   filed by MacConaghy also opposed Miller's motion and asked that it be striken.  Moreover, the same rule
8   gives an offending party 21 days to withdraw the pleading; the court does not know where MacConaghy got
9   his 24-hour deadline.

10        The court could of course set the matter for sanctions hearing on its own motion, but it really only
11  wants this *mishegas* to go away.  Miller is warned that while the court is slow to anger its tolerance of
12  nonsense and insults is not limitless and that he is sorely testing the court's limits.  The court guarantees him an
13  unhappy return trip from California if he ever again files a pleading in this court on behalf of anyone other than
14  the debtors or himself without becoming a proper member of the bar of this court.

15        The countermotion will accordingly be denied without prejudice.  Any party may submit an
16  appropriate form of order if one is desired.

18  Dated: August 16, 2007

20                                                _____
21                                                Alan Jaroslovsky
                                              U.S. Bankruptcy Judge

2